# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

SUK JAE CHANG, individually and on behalf
of classes of similarly situated persons,

    *Plaintiff,*

   *v.*

WOZO, LLC, TATTO, INC., and
ADKNOWLEDGE, INC.,

    *Defendants.*

Case No. 11-CV-10245

### DECLARATION OF DANIEL J. URMAN

  Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

  1.  I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated. If called upon to testify, I would and could do so competently.

  2.  I am an attorney and I represent Defendants Wozo, LLC and Tatto, Inc. in this matter.

  3.  Attached hereto as Exhibit 1-A is a true and accurate copy of Plaintiff Chang's January 13, 2011 demand letter to Defendants Wozo, Tatto and Adknowledge, Inc.

  4.  Attached hereto as Exhibit 1-B is a true and accurate copy of Defendant Wozo's February 11, 2011 tender offer of settlement to Plaintiff Chang.

  5.  Attached hereto as Exhibit 1-C is a true and accurate copy of Plaintiff Chang's March 1, 2011 letter rejecting Wozo's tender offer of settlement.

//

//

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 29th day of April 2011 at Boston, Massachusetts.

/s/ Daniel J. Urman

# Exhibit 1-A

 KRONENBERGER | BURGOYNE

150 Post Street
Suite 520
San Francisco, CA 94108

Phone 415.965.1155
Fax 415.955.1158
www.kbinternetlaw.com

January 13, 2011

General Counsel
Wozo LLC
101 Federal Street
Suite 1900
Boston, Massachusetts 02210

General Counsel
Tatto, Inc.
10 High Street
Suite 900
Boston, Massachusetts 02110

General Counsel
Adknowledge, Inc.
111 Anza Boulevard
Suite 122
Burlingame, California 94010

**VIA FEDERAL EXPRESS**

RE:    Notification of Violation of M.G.L. c. 93A

Dear Sir or Madam:

This firm represents Suk Jae Chang ("Mr. Chang") of Arcadia, California. This letter serves as a preliminary notice and demand on behalf of Mr. Chang and all other persons similarly situated pursuant to the provisions of Massachusetts General Laws Chapter 93A, Sections 2 and 9.

Mr. Chang is a user of Super Rewards virtual currency. In late 2010, Mr. Chang saw an Internet advertisement for Wozo.com stating that he could earn Super Rewards points and obtain a free poster by paying a 99-cent shipping fee. Mr. Chang clicked on the advertisement and thereafter selected a poster from Wozo.com in order to obtain the promised Super Rewards points. Mr. Chang's debit card was later charged by Wozo LLC for a $29.99 subscription fee. Needless to say, Mr. Chang would have never ordered the "free" poster if he knew he was signing up for a poster club with a monthly membership fee of $29.99. Stated differently, Mr. Chang was sold an entirely different product at thirty times the price of the product that was on the web pages he accessed to obtain his "free" poster.

As you are undoubtedly aware, Mr. Chang is not alone in his complaints about Wozo LLC's deceptive billing practices. Consumer rights websites and social networking message boards are replete with complaints from similarly-situated persons who ordered a "free" poster on Wozo.com and were subsequently charged subscription fees. We

INTERNET LAW · E-COMMERCE & MEDIA ATTORNEYS

therefore submit this letter on behalf of Mr. Chang and all persons who participated in Wozo LLC's "free" poster promotion but were charged a subscription fee for membership in a poster club even though that product was not on the web pages that were necessarily viewed to complete the transaction (collectively, "the Class").

Wozo LLC's enrollment of persons in its continuity-billing membership program under the guise of offering a "free" poster for less than a dollar in shipping costs constitutes an unfair and deceptive business practice that violates Massachusetts General Laws Chapter 93A as well as other federal and state laws enacted to protect consumers and prevent fraud. Indeed, through the actions described herein, Wozo LLC has violated several provisions of 940 Code of Massachusetts Regulations 3.00 et seq. and 6.00 et seq., including but not limited to: 940 C.M.R. 3.02(1) by advertising an offer to sell a product when the offer is not a bona fide effort to sell the advertised product:

  (a)   940 C.M.R. 3.02(2) by making statements in an advertisement that misrepresent the offered product in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised product to another;

  (b)   940 C.M.R. 3.04 by making claims that have the tendency of deceiving buyers as to the value or price of a product;

  (c)   940 C.M.R. 3.05(1), 3.16(2) and 6.04(2) by failing to adequately disclose relevant information concerning a product, which failure has the capacity or tendency or effect of deceiving buyers or prospective buyers in a material respect;

  (d)   940 C.M.R. 3.05(2) by employing an advertisement that misleads or tends to mislead buyers or prospective buyers as to the product being offered for sale;

  (e)   940 C.M.R. 3.06(3) by concealing or disguising the obligation or contract involved or falsely representing that the plan does not involve any obligation or contract;

  (f)   940 C.M.R. 3.13(1)(a)(1) by failing to disclose to a buyer prior to the agreement the price or cost of any services to be provided;

  (g)   940 C.M.R. 3.13(2) by representing or implying, in advertising or otherwise, that a product may be purchased for a specified price when such is not the case;

  (h)   940 C.M.R. 3.13(3) by offering a product at a price less than the cost thereof to Wozo LLC as a "loss leader" used in inducing the buyer to make the purchase and sold only in combination with the purchase of other merchandise or services on which the seller recovers such loss;

  (i)   940 C.M.R. 3.13(4)(a) by failing to clearly and conspicuously disclose to a buyer, prior to the consummation of a transaction, the exact nature and extent of Wozo LLC's refund, return, or cancellation policy;

  (j)   940 C.M.R. 3.16(1) by engaging in oppressive or unconscionable acts or practices;

2

(k)    940 C.M.R. 6.03(2) by using advertisements which are untrue, misleading, deceptive, fraudulent, or insincere offers to sell; and

(l)    940 C.M.R. 6.04(1) by making material representations in advertising that Wozo LLC knows or should know that are false or misleading or have the tendency or capacity to be misleading.

The violations of these laws and regulations by Wozo LLC were committed willfully, knowingly, and in bad faith.

On information and belief, Wozo LLC is a subsidiary or alter ego of Tatto, Inc. and, at all relevant times, was acting as the authorized agent of Tatto, Inc. On further information and belief, Tatto, Inc. received and shared in the revenue generated through Wozo LLC's membership program. Accordingly, Tatto, Inc.'s participation in Wozo LLC's enrollment of persons in its continuity-billing membership program under the guise of offering a "free" poster for less than a dollar in shipping costs constitutes an unfair and deceptive business practice that violates Massachusetts General Laws Chapter 93A, 940 Code of Massachusetts Regulations 3.00 et seq. and 6.00 et seq. as set forth above, and other federal and state laws enacted to protect consumers and prevent fraud. The violations of these laws by Tatto, Inc. were committed willfully, knowingly, and in bad faith.

Adknowledge, Inc. owns and operates the Super Rewards virtual currency program. Adknowledge, Inc. jointly advertised the offer for a "free" poster and Super Rewards points, which wasn't what was actually sold to those who acted on the offer. Through its participation in this joint advertisement, Adknowledge, Inc. knew or should have known of Wozo LLC's scheme to enroll Adknowledge, Inc.'s Super Rewards customers in Wozo LLC's continuity-billing membership program. As compensation for its joint advertisement, Adknowledge, Inc. was either paid a fee or a portion of the revenue generated through Wozo LLC's membership program. As such, Adknowledge, Inc.'s joint advertisement of the "free" poster offer costs constitutes an unfair and deceptive business practice that violates Massachusetts General Laws Chapter 93A, 940 Code of Massachusetts Regulations 3.00 et seq. and 6.00 et seq. as set forth above, and other state and federal laws enacted to protect consumers and prevent fraud. The violations of these laws by Adknowledge, Inc. were committed willfully, knowingly, in bad faith and/or recklessly.

Accordingly, Mr. Chang demands payment by Wozo LLC, Tatto, Inc., Adknowledge, Inc., and each of you, of the maximum damages permitted by law, including at a minimum the $25 statutory damages per Class member, together with all related costs and attorneys' fees that Mr. Chang and the Class have incurred to date and up until you provide a reasonable, written offer of settlement within 30 days of the delivery of this demand.

Please be advised that if you fail to respond within the 30-day time period prescribed by the Massachusetts statute, or if you respond within that time period, but a court later determines that the tender was not reasonable in relation to the injury actually suffered by Mr. Chang and the Class, then you shall be held liable for up to three times, but not less than two times, the amount of such damages if the court finds that the use or employment of the act or practice in question was a willful or knowing violation of Section 2 of Massachusetts General Laws Chapter 93A or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated this Section.

This letter also serves as a demand that you preserve and maintain all relevant records pending the resolution of this matter. Such records include, but are not limited to:

(a) all internal manuals, written policies, directives, memoranda, correspondence and the like concerning Wozo.com;

(b) all advertisements disseminated discussing or concerning the Wozo.com "free" poster offer or poster membership club;

(c) any complaints from any source concerning the Wozo.com "free" poster offer or poster membership club;

(d) any documents showing the number of enrollments in the Wozo.com poster membership club;

(e) any documents showing the number of cancellations of enrollments in the Wozo.com poster membership club; and

(f) All iterations of the Wozo.com website and all iterations of marketing and so-called "landing pages" and order pages for products on the Wozo.com website.

Sincerely,

KRONENBERGER BURGOYNE, LLP

Karl S. Kronenberger

cc: Wozo LLC
c/o United States Corporation Agents, Inc.
1521 Concord Pike #301
Wilmington, Delaware 19803

Tatto, Inc.
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, Delaware 19904

Adknowledge, Inc.
c/o CSC-Lawyers Incorporating Service Co.
221 Bolivar Street
Jefferson City, Missouri 65101

4

# Exhibit 1-B

350 North LaSalle, Suite 1300, Chicago, IL 60654
t 312.589.6370 f 312.589.6378
www.edelson.com

**FOR SETTLEMENT PURPOSES ONLY**

February 11, 2011

VIA FEDERAL EXPRESS
OVERNIGHT DELIVERY
AND ELECTRONIC MAIL

Mr. Karl S. Kronenberger
Kronenberger Burgoyne
150 Post Street, Suite 520
San Francisco, California 94108

      Re:    Suk Jae Chang/Wozo LLC

Dear Karl:

    My firm has been retained by Wozo, LLC ("Wozo"), to represent it in the dispute involving Suk Jae Chang, which is the subject of your letter to Wozo dated January 13, 2011 (the "January 13 Letter" or "the Letter"). The January 13 Letter is troubling inasmuch as it appears to be an improper attempt to leverage the threat of a class action for Mr. Chang's and your firm's pecuniary gain. The Letter also suffers from several infirmities, each of which we address below.

    As a threshold matter, the January 13 Letter constitutes an unlawful attempt by you to practice law in the state of Massachusetts. Indeed, "[n]o individual, other than a member, in good standing, of the bar of this commonwealth [Massachusetts] shall practice law, or, by word, sign, letter, advertisement or otherwise, hold himself out as authorized, entitled, competent, qualified or able to practice law ..." Mass. Gen. Laws Ann. ch. 221, § 46A (West); see also *Lowell Bar Ass'n v. Loeb*, 315 Mass. 176, 180, 52 N.E.2d 27, 31 (1943) ("The justification for excluding from the practice of law persons not admitted to the bar is to be found, not in the protection of the bar from competition, but in the protection of the public from being advised and represented in legal matters by incompetent and unreliable persons, over whom the judicial department could exercise little control.") My firm's investigation has revealed that you are not a member in good standing of the bar of the state of Massachusetts. As a result, there is no question that the January 13 Letter, which purports to enforce Massachusetts law, is an unlawful attempt by you to engage in the practice of law in that state. To the extent you are not licensed to practice law in Massachusetts, demand is hereby made on you to cease such unlawful conduct.

    The January 13 Letter also misapprehends the facts relevant to Mr. Chang's purported claim and the law governing his purported claim. First and foremost, Wozo is committed to customer satisfaction and goes to great lengths to ensure that it has in place robust consumer protection policies. Accordingly, Wozo has always provided, and continues to provide, all necessary and required disclosures with respect to the purchase of its products, including all fees associated with such products. As evidence that Mr. Chang received all such disclosures (and that his claim has no merit), I note that you have failed to provide even the most basic documents to substantiate the allegation that Wozo did not disclose the price of its subscription fee. You have provided no information to suggest that Mr. Chang subscribed to the subject program without full knowledge of the fees associated with his subscription, nor have you provided the information necessary to assess whether Mr. Chang has already received a refund for his claimed unauthorized subscription. To be sure, your failure to do so is quite telling.

Mr. Chang's claim that consumer rights websites and social networking message boards are replete with consumer complaints is likewise baseless. Not surprisingly, the January 13 Letter does not identify a single website or message board that purportedly contains complaints regarding Wozo. The only logical inference to be drawn from this is that your claim regarding complaints is false. Moreover, very few complaints about Wozo have been lodged with the Better Business Bureau, which shows overall customer satisfaction with Wozo and its product offers. In the end, our investigation has revealed that Wozo enjoys a wide degree of customer satisfaction and we would be happy to present you with a *PowerPoint* presentation to confirm the same.

Mr. Chang's claim that Wozo is a subsidiary or alter ego of Tatto, Inc. is also without any legal or factual support. The January 13 Letter does not set forth a single fact to establish that Tatto participated in the conduct of which Mr. Chang complains, nor does it set forth any facts showing that Wozo acted as an agent of Tatto or as its alter ego. Wozo takes such allegations very seriously, and I would caution you to refrain from making such baseless allegations (as you have here) in the future.

Notwithstanding the foregoing, for settlement purposes only, and in an effort to avoid the transaction costs of Mr. Chang's purported claim, Wozo hereby makes the following settlement offer to Mr. Chang for the alleged unauthorized subscription charges of which he complains in the January 13 Letter. Wozo hereby offers to pay Mr. Chang the sum of $350.00, plus reasonable attorneys' fees incurred in this matter.

The $350 payment fully satisfies Mr. Chang's claim and provides him with all the relief to which he would be entitled were he to prevail in this case. As noted above, Wozo is also willing to pay reasonable attorneys' fees to your firm. To that end, we ask that your firm provide us with your billing records and lodestar to date. Please note that no payment is being made to the putative class Mr. Chang claims to represent, as no class exists here. Furthermore, M.G.L. ch. 93 prohibits a party from demanding payment on behalf of a class.

Ultimately, as noted above, the January 13 Letter is simply an improper attempt to leverage the threat of a class action for Mr. Chang's and your firm's pecuniary gain. Both Wozo and my firm take such threats very seriously, and we will vigorously defend the rights of Wozo should you choose to pursue this issue further. We suggest instead that Mr. Chang accept the settlement proposal as set forth herein, as it provides him with full and complete relief.

Feel free to contact me should you have questions.

Regards,

EDELSON MCGUIRE, LLC

Rafey S. Balabanian

RSB/kg

Enclosure

PRIVILEGED AND CONFIDENTIAL SETTLEMENT SUBMISSION
PURSUANT TO FED. R. EVID. 408

# Exhibit 1-C

 **KRONENBERGER | BURGOYNE**

150 Post Street
Suite 520
San Francisco, CA 94108

Phone  415.955.1155
Fax    415.955.1158
www.kbinternetlaw.com

March 1, 2011

Rafey S. Balabanian
Edelson McGuire, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654

**VIA FEDERAL EXPRESS**

**RE:**   *Chang v. Wozo LLC et al.*, **Case No. 1:11-cv-10245**
**UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS**

Dear Mr. Balabanian:

I am writing in response to your letter of February 11, 2011. Plaintiff Suk Jae Chang ("Mr. Chang"), on behalf of himself and those similarly situated, has rejected Wozo, LLC's tender of settlement. Mr. Chang will not enter into a personal settlement agreement at the expense of the class members who were also injured by Wozo's conduct. Enclosed herewith for return to your client is the cashier's check for $350.

If you wish to discuss this matter further, I can be reached at (415) 955-1155 ext. 114 or at karl@KBInternetLaw.com.

Sincerely,

KRONENBERGER BURGOYNE, LLP

Karl S. Kronenberger

Encl: (as indicated)