# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SARAH JOHNSON**, individually and on behalf of other similarly situated persons,<br><br>**Plaintiff,**<br><br>v.<br><br>**WOZO, LLC,** and **TATTO, INC.**,<br><br>**Defendants.** | No.  11-cv-10245-DJC |

## JOINT STATUS REPORT AND REQUEST FOR STAY

Plaintiff Sarah Johnson ("Plaintiff") and Defendants Wozo, LLC ("Wozo") and Tatto, Inc. ("Tatto") (collectively, "Defendants"), who constitute all current parties in this action, through their undersigned counsel, hereby submit the following status report pursuant to the Court's Order of June 24, 2014 (D.E. 121).  The parties also request that the Court stay the case for ninety (90) days, for the reasons set forth below, and order the parties to submit a further status report in eighty (80) days.

## BACKGROUND

By way of reminder, the following are the principal procedural events in the case:

- This case is a class action concerning enrollment in and membership fees for Wozo's "poster club."

- On October 15, 2013, Plaintiff filed her unopposed motion for preliminary approval of the Class Action Settlement (the "Settlement") reached with Defendants (Doc. No. 112.) (the "motion").  In relevant part, the Settlement provides:

- o   Defendants will fund the Settlement Amount consisting of a payment of $250,000;

- o   Defendants will not contest a request by Class Counsel for an Attorneys' Fee Award of $250,000, which will be paid separately by Defendants and <u>not</u> out of the Settlement Amount;

- o   The Class Administrator's fees will be paid by Defendants separately and <u>not</u> out of the Settlement Amount.

(Doc. No. 112 at 6–7.)  By agreement of the parties, Defendants had funded the Settlement Amount by placing $250,000 in escrow with Defendants' counsel (the "Escrow Account") prior to Plaintiff's filing of her motion for preliminary approval.  (*Id.* at 6.)  However, Defendants had not been required to place in escrow the funds needed to pay the Attorneys' Fee Award or the Class Administrator.

- •   On April 11, 2014, the Court issued the Order granting preliminary approval.

- •   On December 5, 2013, however, after Plaintiff had moved for Preliminary Approval, but before the Order was issued, the FTC initiated an action pursuant to 15 U.S.C. §53(b) against various persons and entities including Defendant Tatto and former Defendants Lin Miao and Andrew Bachman related to charges on consumers' mobile phone bills. See *FTC v. Tatto, Inc.*, et al., No. 13-8912 (C.D. Cal.) (the "FTC Case").

- •   As part of the FTC Case, the U.S. District Court for the Central District of California entered an *ex parte* temporary restraining order freezing the assets of the defendants in the FTC Case.  Although stipulated judgments have since been entered

as to all defendants in the FTC Case, the asset freeze remains in effect as part of a receivership created through said judgments. The asset freeze has effectively prevented the Defendants from performing their monetary obligations under the Settlement.

- Due to the change in circumstances caused by the FTC Case, the parties previously sought an extension of time from the Court to meet and confer with counsel for the receiver in the FTC Case and revise the Settlement Agreement. On June 24, 2014, the Court issued its Electronic Order (D.E. 121), extending the deadlines in the Preliminary Approval Order by 150 days, rescheduling the Fairness Hearing for January 1, 2015, and ordering the parties to submit this Status Report regarding their efforts to revise the Settlement Agreement.

## STATUS REPORT

Since their last report to the Court, the parties have been diligently working to revise the Settlement Agreement in a manner that (1) still provides substantial relief to the Class, (2) is acceptable to all parties, and (3) is approved by the receiver in the FTC Case, and to the extent necessary, the U.S. District Court for the Central District of California. The Settlement Agreement has gone through several rounds of revisions, and the parties have also worked with counsel for the receiver in the FTC case on a draft motion to be filed in the FTC Case releasing funds to pay the Class. This motion is needed because the receiver contends that the Defendants' funds being held in the Escrow Account are subject to the asset freeze. As it currently stands, the Settlement has been reworked so that the Class, the Class Administrator, and Class Counsel will all be paid from the $250,000 Escrow Account, pursuant to increased oversight by the

Court. Class claims will be given first priority after the costs of administration are paid. Any remainder would revert to the receivership in the FTC Case instead of Defendants.

Working out the revisions to the Settlement Agreement is just the first of many steps that the Parties must complete before the revised Settlement will be ready for submission to this Court for preapproval. Counsel for the receiver in the FTC Case has asked that the revised Settlement Agreement be submitted to the FTC itself for approval. Thereafter, the parties will have to file a motion in the FTC Case seeking release of the $250,000 Escrow Account and turnover of administration of the same to this Court as part of this class action.

## REQUEST FOR STAY

As outlined above, the receiver in the FTC Case has directed the parties to first obtain approval of the revised Settlement Agreement from the FTC and the U.S. District Court for the Central District of California before submitting it to this Court. While the parties desire to resolve this as quickly as possible, it is difficult to estimate how much time the process will take, and the parties believe that securing the receiver's approval in advance will save time and resources in the long run. Thus, rather than request a further continuance of the Fairness Hearing at this time, the parties ask that the case be stayed in ninety-day increments, with a further status report required at each interval.

Accordingly, the parties respectfully request as follows: (1) that the Court stay the case for ninety (90) days, (2) that the scheduled Fairness Hearing be temporarily removed from the calendar as part of said stay, and (3) that the Court set a deadline eighty (80) days from the date of its order for the parties to file a further status update.

Respectfully Submitted,

Dated: November 17, 2014  /s/ Virginia Sanderson

Thomas G. Shapiro (BBO# 454680)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
tshapiro@shulaw.com

Karl S. Kronenberger (admitted *pro hac vice*)
Virginia Sanderson (admitted *pro hac vice*)
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
karl@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiff and the Class

  /s/ Neil M. Rosenbaum
Neil M. Rosenbaum (admitted *pro hac vice*)
Damon E. Dunn (admitted *pro hac vice*)
FUNKHOUSER VEGOSEN LIEBMAN & DUNN LTD.
55 West Monroe, Suite 2300
Chicago, IL 60603
Telephone: (312) 701-6800
nrosenbaum@fvldlaw.com
ddunn@fvldlaw.com

Daniel Jay Urman
6 Shipway Place
Charlestown, MA 02129
Telephone: (617) 835-5777
durman@gmail.com

Attorneys for Defendants Wozo, LLC and Tatto, Inc.

## **CERTIFICATE OF SERVICE**

      I, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 17, 2014

                                /s/ Virginia Sanderson
                                Virginia Sanderson