IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SARAH JOHNSON**, individually and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**WOZO, LLC, and TATTO, INC.**,<br><br>Defendants. | No. 11-cv-10245-DJC |

**PLAINTIFF'S UNOPPOSED APPLICATION FOR AN AWARD OF ATTORNEYS'
FEES AND COSTS AND AN INCENTIVE AWARD**

Plaintiff Sarah Johnson ("Plaintiff") respectfully submits this application for an award of attorneys' fees and costs and an incentive award.

**SUMMARY STATEMENT**

The history of this action is set forth in Plaintiff's memorandum in support of final approval of the settlement [Doc. No. 134], and is only summarized as needed here. After years of litigation, which was extended by an unrelated Federal Trade Commission enforcement action against a defendant and former defendants (the "FTC Action"), the parties entered into the Amended Settlement Agreement. This settlement is somewhat unique in that, due to the fact that Defendants' funds were frozen and depleted by the FTC Action, there is a limited Settlement Amount of $250,000 with which to pay all Claims, the Class Administrator Fees, the Attorneys' Fee Award, and the Incentive Award to Plaintiff. As set forth in the Amended Settlement Agreement, the Attorneys' Fee Award and Incentive Award may only be paid after the Claims and Class Administrator Fees are paid in full. (See Decl. of Virginia Sanderson ["Sanderson Decl."], Ex. A

1

[hereinafter for citation purposes, "Agreement"] ¶¶ 10.1, 3.3.)  Accordingly, the instant motion comes several months after the Court's final approval of the settlement.

On June 17, 2015, the Court issued its Final Order and Judgment Approving Class Action Settlement [Doc. No. 137] (the "Final Approval Order"). Since that time, the Class Administrator has managed the settlement and processed all claims. Two hundred and thirty-eight (238) Claims were processed for Class Members for payments totaling $12,231.45—a full recovery for each of the Class Members who submitted a Claim. (Decl. of Karen Rogan ["Rogan Decl."] ¶¶ 4–5.)  The estimated Class Administrator Fees are $45,013.32. (*Id.* ¶ 6.)   $192,755.23 remains in the Settlement Fund for payment of the Incentive Award and Attorneys' Fees. (*Id.* ¶ 7.) In accordance with the Amended Settlement Agreement, Plaintiff now seeks approval of (1) a $500 Incentive Award to Plaintiff and (2) a $192,255.23 Attorneys' Fee Award to Class Counsel comprised of (a) $10,507.63 as reimbursement for out-of-pocket costs and expenses and (b) $181,747.60 in reasonable attorneys' fees (or, whatever remains of the $250,000 settlement fund, if less than this amount).

Plaintiff and Class Counsel realize the requested Attorneys' Fee Award is large compared to the amount actually paid to the Class.  This is due in large part to the the fact that this protracted case, now over four years old, required a significant expenditure of attorney hours due to the heavily-litigated early part of the case, the complications caused by the FTC Action, and the resulting need to revise the settlement agreement and file an additional motion for preliminary approval.  The total lodestar of Plaintiff's attorneys is $588,776.78.  Plaintiff's attorneys have also incurred $10,507.63 in out-of-pocket costs and expenses.

The following are just a few of the circumstances that led to the need for the attorney time devoted to obtaining a very favorable result for the Class:

- All of the original defendants to the case filed motions to dismiss the First Amended Complaint on various grounds, which motions the Court denied after oral argument and supplemental briefing.  [Doc. No. 54.]  Indeed, it took over a year for the case to move past the pleadings stage.  (Sanderson Decl., ¶ 4.)

- While discovery was stayed by consent of the parties during the pleadings stage, upon the Court's denial of defendants' motions to dismiss, Class Counsel propounded discovery on each of the defendants.  (*Id.* ¶ 5.) In response to Plaintiff's discovery requests, Defendant Wozo, LLC ("Wozo") provided Class Counsel with records concerning the Class and related transactions, but represented and warranted that it did not possess complete or searchable records of chargebacks—that is, refunds initiated by Class Members through their financial institutions.  (*Id.*)

- The parties engaged in extensive settlement negotiations over an extended period of time, ultimately resulting in the original settlement agreement wherein certain defendants would be dismissed, Wozo would pay $250,000 in settlement and a *separate* payment of $250,000 for an Attorneys' Fee Award.  (*Id.* ¶ 6.)  Plaintiff's counsel fortunately negotiated that $250,000 would be placed in escrow with counsel for Wozo pending final settlement approval.  (*Id.*) Plaintiff prepared and filed her unopposed motion for preliminary approval of this original agreement, which the Court granted on April 11, 2014.  (Doc. Nos. 112, 118).

- Between Plaintiff's motion for preliminary approval and the Court's order granting the same, the Federal Trade Commission initiated an action on December 5, 2013 pursuant to 15 U.S.C. § 53(b) against various persons and entities, including Defendant Tatto and former Defendants Lin Miao and Andrew Bachman, related to charges on

consumers' mobile phone bills. See *FTC v. Tatto, Inc.*, *et al.*, No. 13-8912 (C.D. Cal.). The U.S. District Court for the Central District of California entered an *ex parte* temporary restraining order freezing the assets of the defendants in the FTC Action, which applied also to the assets of Wozo. (Sanderson Decl. ¶ 7.) These events constituted a material change in circumstances that essentially rendered the original settlement agreement unenforceable. (*Id.*)

- Class Counsel worked with counsel for the receiver appointed in the FTC Action to reach a compromise satisfactory to the FTC that would still protect the interests of the Class in this case. (Doc. Nos. 121, 124.) Notably, <u>Class Counsel bore the entire burden of this compromise with the FTC</u>, in that the FTC agreed to the release of $250,000 for the Settlement Amount that was held in escrow (and arguably subject to the asset freeze), but not any additional funds up to the $250,000 that defendants agreed to pay on account of any Attorneys' Fee Award to Class Counsel approved by the Court. (Sanderson Decl. ¶ 8.) Instead, the FTC agreed that Class Counsel could be paid from anything remaining in the $250,000 release <u>after</u> all Claims and the Class Administrator had been paid, subject to the approval of the court in the FTC Action. (*Id.*) Based on this agreement with counsel for the receiver and the FTC, and working with counsel for Defendants, Class Counsel prepared and negotiated the terms of the Amended Settlement Agreement. (*Id.*)

- Plaintiff and Class Counsel also drafted and filed a motion in the FTC Action, obtaining an order from that court authorizing the release of $250,000 from the asset freeze and receivership in the FTC Action for purposes of satisfying the Amended Settlement Agreement, subject to the oversight and approval of this Court. (Sanderson Decl. ¶ 9.)

- Plaintiff and Class Counsel also requested and obtained this Court's preliminary approval of the Amended Settlement. (*Id.* ¶ 10.)

As detailed below, Plaintiff and her counsel respectfully submit that the requested Attorneys' Fee Award and Incentive Award are reasonable and should be granted.

## ARGUMENT

### A. The Requested Attorneys' Fee Award is Reasonable

Plaintiff brought this action pursuant to Massachusetts General Laws Chapter 93A, Section 2(a) ("Chapter 93A") and the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. (the "EFTA"). Section 11 of Chapter 93A expressly authorizes the filing of class actions and provides for the recovery of reasonable attorneys' fees and costs. The EFTA similarly states that a successful claimaint may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1693(m)(a)(3).

There is no rigid test for assessing the reasonableness of attorneys' fees. *See, e.g.*, *Star Financial Serv's v. AASTAR Mortg. Corp.*, 89 F. 3d 5, 16 (1st Cir. 1996.) Because here, all Claims have already been paid and the Class is not therefore taxed with paying the Attorneys' Fee Award, the requested Attorneys' Fee Award should be evaluated using a "lodestar" analysis, wherein the number of hours reasonably expended on the litigation are multiplied by a a reasonable hourly rate. *Joyce v. Town of Dennis*, 720 F.3d 12, 26–27 (1st Cir. 2013 ); *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). This calculation is further "subject to a multiplier or discount for special circumstances, plus reasonable disbursements." *Bezdek v. Vibram USA, Inc.*, 79 F. Supp. 3d 324, 350 (quoting *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 216 (D. Me. 2003). As the First Circuit observed, "a fair market

rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorney's fee under State law as well as Federal law." Joyce, 720 F.3d at 26 (citations omitted).

For the following reasons, Class Counsel submits that the fee and expense request of $192,255.23 is reasonable under this analysis.

1. **Class Counsel obtained favorable results for the Class despite obstacles such as the asset freeze in the FTC Action.**

The $250,000 Settlement Amount provided for a potentially full recovery to the entire Class. (Sanderson Decl. ¶ 10.) Now that all Claims have been paid, Class Counsel can confirm that <u>all Class Members who filed Claims received a full recovery</u> of their funds paid to Defendants. (*Id.* ¶ 11; Rogan Decl. ¶¶ 4–5.)

The fact that only 238 Claims were processed and paid should not detract from these favorable results. As explained in Plaintiff's motion for preliminary approval of the Amended Settlement, and documented in the Amended Settlement Agreement itself, Wozo has records detailing the names, email addresses and amounts paid to Wozo of each Class Member. However, these records do not include information on chargebacks. (Sanderson Decl. ¶ 5.) Chargebacks are refunds initiated by Class Members through their respective credit card companies or banks. (*Id.*) Wozo represented and warranted that it did not possess complete or searchable records of chargebacks received by Class Members. (*Id.*) Consequently, the financial information provided by Wozo did not account for consumers whose monthly fees were ultimately refunded to them, which, under the circumstances, could be a substantial percentage of Class Members. (*Id.*) Indeed, several persons on the Class list responded to the Class Notice by explaining that they had already received full refunds from their banks. (Rogan Decl. ¶ 4 [30 Claims submitted for zero payment, for example, because the recipient had received a chargeback].)

Moreover, had Class Counsel not been dedicated in their efforts to obtain a favorable result for the Class, even in light of the FTC Action and asset freeze, the Class would have had no recovery whatsoever. The motion filed by Class Counsel in the FTC Action was so unusual that, despite their research, they could find no analogous case on which to base it. Since that time, Lin Miao—the head of Wozo and a former defendant in this case—has also been indicted on federal criminal charges related to the allegations at issue in the FTC Action. *U.S. v. Miao et al.*, Case No. 15-MAG-01771 (S.D.N.Y.) The net result of these events is that the funds of Defendants and their principals have been depleted and, absent the efforts of Plaintiff and Class Counsel, the Class would have been unable to recover anything on their claims.

### 2. The requested Attorneys' Fee Award is significantly lower than Class Counsel's actual lodestar.

Over the more than four years it has taken to litigate this case, Class Counsel have devoted 1,212.09 hours, resulting in $588,776.78 in attorneys' fees. Class Counsel have also incurred $10,507.63 in out-of-pocket costs and expenses. The sum of these amounts far exceeds the requested $192,255.23. Class Counsel's summary lodestar information is set forth in the accompanying Declarations of Virginia Sanderson and Thomas Shapiro.[1]

Class Counsel have, among other things: (1) conducted a thorough investigation of the law and facts underlying the claims in advance of preparing and filing the complaint; (2) conducted extensive legal research and briefing in opposing motions to dismiss; (3) conducted discovery; (4) participated in extensive settlement discussions in negotiating the original settlement and then drafting and negotiating the terms of the agreement, the form of class notice and the proposed Court orders to implement the settlement; (5) engaged in extensive discussions and negotiations

---

[1] Class Counsel are happy to provide more detailed records of the time spent on a daily basis, should the Court require more specific information.

with defense counsel, the receiver's counsel and the FTC counsel regarding the funds in escrow that were covered by the asset freeze, ultimately reaching an agreement that the $250,000 in escrow could be used for this case, (6) obtained the approval of the court in the FTC action to release the $250,000 from the FTC asset freeze, (7) drafted the Amended Settlement Agreement and related documents and negotiated the terms of those documents with defense counsel; (8) prepared motions and memoranda in order to obtain this Court's preliminary approval and later final approval of the Amended Settlement; and (9) worked with the Class Administrator to address issues arising through the Claims process. (Sanderson Decl. ¶¶ 3–10.)

The fact that the requested fees exceed the amounts paid to the Class is not determinative. When the case was initiated, it was believed the damages were substantial. However, Defendants' records obtained in discovery indicated the Class damages were in the range of $298,000, less the chargebacks for which records were not maintained. (Sanderson Decl. ¶ 5.) In any event, the First Circuit recently recognized that the "fee award need not be proportionate to the damages recovered," particularly where the underlying statute in question, like Chapter 93A, is designed to protect the public interest in the prosecution of claims through competent counsel. *Joyce*, 720 F.3d at 27; *NASCO v. Public Storage, Inc.*, 127 F.3d 148, 154 (1st Cir. 1997) ("The purpose of the chapter 93A § 11 attorney's fees provision is to deter businesses from engaging in unfair and deceptive trade practices where those trade practices have adverse effects.")

Defendants' conduct in this case was believed to be egregious in making unauthorized charges on Class members' credit cards under false and deceptive pretenses. It was and is in the public interest that this case be brought and defendants held to account.

**3. No Class Members Objected to the Amended Settlement or the Attorneys' Fee Award.**

8

As reported in Plaintiff's motion for final approval, none of the Class Members objected to the Amended Settlement or structure for the Attorneys' Fee Award. [Doc. No. 134-1 ¶ 9.] Because none of the Class Members objected, and because Class Counsel obtained favorable results for the Class, devoting substantially more in attorney time than the fee requested here, the Attorneys' Fee Award is fully reasonable.

### B. The Court Should Approve the Requested Incentive Award.

The Amended Settlement provides for an Incentive Award to Plaintiff of $500 in recognition of the initiative she has shown in undertaking this action for the benefit of the Class, the assistance she provided to Class Counsel throughout the litigation, and her loyalty to the case and the Class. (ASA ¶ 10.2, 10.3.) This proposed additional compensation for Plaintiff was disclosed to the Class Members in the Notice, and no Class Member objected to it. [Doc. No. 134-1.] Since all Claims have been paid, the Incentive Award will not decrease the Class's recovery in any way. These factors favor granting the proposed Incentive Award to Plaintiff.

"Incentive awards are recognized as serving an important function in promoting class action settlements…." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 98 (D. Mass. 2005). Recently, in *Bezdek v. Vibram USA, Inc.*, this Court approved incentive awards of $2,500 and $1,500 for representative plaintiffs in a Chapter 93A class action. 79 F.Supp.3d 324, 352 (D. Mass. 2015). Given the extent of Plaintiff's participation in the case, and particularly the fact that she stuck with it for many years when the original plaintiff did not, the requested $500 Incentive Award is more than reasonable.

### CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court approve (1) a $500 Incentive Award to Plaintiff and (2) a $192,255.23 Attorneys' Fee Award to Class Counsel

comprised of (a) $10,507.63 as reimbursement for out-of-pocket costs and expenses and (b) $181,747.60 in reasonable attorneys' fees (or, whatever remains of the $250,000 settlement fund, if less than this amount).

Respectfully submitted,

Dated: September 29, 2015

/s/Thomas G. Shapiro
Thomas G. Shapiro (BBO# 454680)
SHAPIRO HABER & URMY LLP
2 Seaport Lane
Boston, MA 02110
Telephone: (617) 439-3939
tshapiro@shulaw.com

/s/Virginia Sanderson
Karl S. Kronenberger (admitted *pro hac vice*)
Virginia Sanderson (admitted *pro hac vice*)
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
karl@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiff and the Class

## **LOCAL RULE 7.1 CERTIFICATION**

The undersigned certifies that she has conferred with counsel for Defendant. Counsel for Defendants advises that has been unable to reach an authorized representative of Defendants for comment with respect to this motion or the arguments set forth therein, but Defendants have agreed pursuant to Sections 10.1 and 10.3 of the Amended Class Action Settlement Agreement and Release not to contest a requested Attorneys' Fee Award of $250,000 or less or a requested Incentive Award of $500 or less as long as any such awards are paid from any portion of the Settlement Amount remaining after the Claims Administrator and all Cash Payments to class members have been paid.

/s/ Virginia Sanderson

4

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 29, 2015.

      /s/ Thomas G. Shapiro